FERNÁNDEZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* FREIRÍA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action for Rescission of Contract.

No. 2401.—Decided July 28, 1921.

CONTRACT—MORTGAGE—ATTORNEY IN FACT—PLEADING.—In a purchase and sale contract a mortgage was given for the unpaid part of the purchase money and the deed was executed in that form, the grantee acting through his attorney in fact. Thereafter, on the ground that the attorney in fact was

not empowered by his principal to create a mortgage, the grantor sued for the rescission of the contract under section 1091 of the Civil Code, alleging in his complaint that in a notarial copy of the power of attorney the authority to create mortgages did not appear to have been conferred, and that although such power appeared as an interlineation in another copy issued thereafter, according to his information and belief the attorney in fact had no such power. *Held:* That the complaint did not state facts sufficient to constitute a cause of action, inasmuch as the allegation in the complaint of the existence of a notarial copy of the power of attorney containing the power to create mortgages establishes the validity of the mortgage and the consequent fulfillment by the grantee of the stipulation whose non-fulfillment was alleged as a rescissory cause.

The facts are stated in the opinion.

*Mr. J. Texidor* for the appellants.

*Messrs. Monserrat & Monserrat* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The basis of the complaint in this case is that the plaintiffs and the defendant made an agreement for the purchase and sale of certain interests in two houses for the sum of $23,000, of which $13,000 was to be paid when the deed was signed and the remaining $10,000 was to be secured by a mortgage on the same properties; that the deed of sale was executed on July 5, 1919, the grantee being represented by his attorney in fact, Evaristo Freiría, who in the name of his principal created a mortgage on the properties which he was purchasing to secure the deferred $10,000 which was to be paid on July 5, 1923, but the said attorney in fact had not been empowered by his principal, either before or at the time of making the contract or up to the date of the complaint, to mortgage the principal's properties, for which reason the said mortgage could not be recorded in the registry of property, for the notarial copy of the power issued on June 20, 1918, did not contain any clause or authority to that effect, albeit in another copy issued thereafter the power to mortgage appears to have been interlined, but according to the information of the plaintiffs the original power contained no clause or authority whatsoever to create a mortgage. By virtue of these facts, and alleging that the defendant had not

complied with the condition of creating a valid mortgage to, secure the deferred payment and that the grantee had re- fused the demand of the plaintiffs to agree to the rescission, of the contract of purchase and sale, the plaintiffs offering, to return the amount received in part payment of the pur- chase price, they prayed the court to declare the contract rescinded and of no effect.

A demurrer was filed on the ground that the complaint did not allege facts sufficient to constitute a cause of action and was sustained by the lower court, judgment being en- tered dismissing the complaint. The plaintiffs appealed.

Section 1091 of the Civil Code provides that the right to rescind obligations is considered as implied in mutual ones, in case one of the obligated persons does not comply with what is incumbent upon him, and that the person prej- udiced may choose between exacting the fulfillment of the obligation or its rescission, with indemnity for damages and payment of interest in either case.

The plaintiffs rely on this statute and elect the rescission of the contract, alleging the failure of the defendant to ful- fill his agreement to create a mortgage for the deferred part of the price of the sale sought to be rescinded. In accord- ance with the said section of the Code the prejudiced party may elect either of the two remedies that the law allows him, without the necessity of alleging in the complaint that he has no other legal remedy to obtain reparation for the damage, a requisite necessary under section 1261 in certain actions for rescission mentioned in section 1258 of the same Code. *Cruz* v. *Martínez, ante,* page 61.

However, the complaint does not state facts sufficient to constitute a cause of action, for it alleges that the defend- ant mortgaged to the plaintiffs the properties which he pur- chased from them, and although it is stated that according to information and belief the original power given by Teo- doro Freiría to Evaristo Freiría did not authorize him to

create mortgages, it is also alleged that the second notarial copy of the power shows that he was so authorized, the result being that the complaint alleges that the mortgage was validly created and consequently can be recorded in the registry of property.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.